

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 MAY 12 PM 3:47

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONGKUK INTERNATIONAL CO., LTD. AND FIREMAN'S FUND INSURANCE COMPANY<br><br>VERSUS<br><br>S. K. SHIPPING CO., LTD., PELAGOS SHIPPING, LTD., CHARTWORLD SHIPPING CORP., J. P. BOEHE, ILLINOIS CENTRAL RAILWAY AND COLUMBIA SHIP MANAGEMENT, LTD. | CIVIL ACTION<br><br>NO. 01-1374<br><br>SECTION "B" (4)<br><br>JUDGE LEMELLE<br>MAGISTRATE JUDGE ROBY |

## ANSWER AND DEFENSES

NOW INTO COURT, through undersigned counsel, come S. K. Shipping, Ltd. and Columbia Shipmanagement, Ltd. (collectively hereinafter sometimes referred to as "defendants"), to answer the Complaint of Dongkuk International Co., Ltd. and Fireman's Fund Insurance Company, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

_____Fee_____
_____Process_____
X Dktd _Caa_
_____CtRmDep_____
Doc.No. 15

## SECOND DEFENSE

The Complaint fails to join parties required under Rule 19 of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

This Honorable Court lacks jurisdiction over the person of defendants.

## FOURTH DEFENSE

Defendants reserve the right to stay this matter pending arbitration, if applicable under the contracts, bills of lading, charterparties and other agreements between the parties.

## FIFTH DEFENSE

Plaintiffs have no right or cause of action.  Defendants also place plaintiffs on full proof of their interest in the cargo which is the subject of this suit and their right to bring this claim for damages.

## SIXTH DEFENSE

There has been insufficient and/or improper *in personam* process and/or service of process.

## SEVENTH DEFENSE

Defendants reserve their rights to transfer this matter pursuant to *forum non conveniens* and/or any forum selection clauses contained in the applicable contracts, charter parties, bills of lading or other agreements between the parties.

## EIGHTH DEFENSE

NOW, in specific answer to the numbered paragraphs of the Complaint, defendants answer as follows:

I.

No answer is required to these allegations which state or attempt to state jurisdictional matters and/or conclusions of law; however, further answering, defendants admit the action against them falls within the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Denied for lack of sufficient information to justify a belief therein regarding ownership/consignment. All other allegations are denied by these defendants.

III.

Denied for lack of sufficient information to justify belief therein.

IV.

It is admitted that S. K. Shipping Co., Ltd. is a foreign corporation which appears to have issued the bill of lading. The remaining allegations of this paragraph are denied.

V.

It is admitted that the M/V FAROS is a vessel engaged in the carriage of goods by sea for hire. The remainder of the allegations of this paragraph are denied.

VI.

It is admitted that Columbia Shipmanagement, Ltd. is a foreign corporation which,

at various times, managed the M/V FAROS. It is also admitted that the cargo in question was carried from Pohang, Korea to New Orleans, Louisiana. The remainder of the allegations of this paragraph are denied or denied for lack of sufficient information to justify belief therein.

VII.

Denied for lack of sufficient information to justify belief therein.

VIII.

It is admitted upon present information and belief that the steel equal angles loaded aboard the M/V FAROS in Pohang, Korea were carried by sea aboard the M/V FAROS to New Orleans, Louisiana under Bill of Lading SKSMPHNL00281000 to New Orleans, Louisiana. The remainder of the allegations of this paragraph are denied and/or denied for lack of sufficient information to justify belief therein.

IX.

Denied for lack of sufficient information to justify a belief therein.

X.

Denied for lack of sufficient information to justify a belief therein.

XI.

Denied for lack of sufficient information to justify a belief therein.

XII.

Insofar as these allegations are directed to defendants S. K. Shipping Co., Ltd. and Columbia Shipmanagement, Ltd., they are denied. All other allegations are denied for lack

of sufficient information to justify belief therein.

XIII.

Denied.

XIV.

No answer is required to the allegations of this paragraph; however, further answering, these defendants hold plaintiffs to their full burden of proof on their claim to be the proper parties in interest for this claim.

XV.

Denied and/or denied for lack of sufficient information to justify a belief therein.

XVI.

To the extent required, these allegations are denied except to admit that the claims against these defendants are properly before this Court under its admiralty and maritime jurisdiction.

**NINTH DEFENSE**

Further answering the Complaint, defendants specifically plead, as a complete defense to or exoneration from liability, or limitation of liability, the applicable bills of lading, charters and contracts of carriage in their entirety and the United States Carriage of Goods by Sea Act , 46 U.S.C. §1300 *et seq.*

**TENTH DEFENSE**

Further answering the Complaint, defendants allege that if the shipment which is the subject of the Complaint sustained any damage, which is denied, said damage did not

occur while the subject goods were in the custody of the defendants and/or the M/V FAROS; alternatively, if there was any loss or damage, which is denied, this was occasioned through the fault of other parties for whom these defendants are not liable.

### ELEVENTH DEFENSE

Further answering, defendants allege that if the shipment which is the subject of the Complaint was damaged while in the custody of the M/V FAROS or defendants, which is denied, then said damage resulted from act, neglect or default in the navigation or management of the vessel; Act of God, or perils, dangers and accidents of the sea or other navigable waters; inherent defect, quality or vice of the goods themselves; insufficiency or inadequacy of the packaging of the goods; latent defects not discoverable by due diligence; and/or other causes arising without the neglect of the agents or servants of the defendants. Defendants show that any such damage, which is denied, was a consequence of one or more of the foregoing and that under the applicable bills of lading, contracts of carriage, charters and applicable law, defendants are not liable to plaintiff herein. (Defendants again plead in their entirety all contracts, bills of lading and other agreements between the parties herein.)

### TWELFTH DEFENSE

Defendants aver, in the alternative, that plaintiffs did not properly mitigate their damages or losses as required by law.

### THIRTEENTH DEFENSE

Defendants reserve the right to file supplemental and amended pleadings alleging

such other and further matters as the evidence may disclose.

WHEREFORE, after due proceedings had, defendants pray that there be judgment in their favor and against plaintiffs, dismissing the Complaint at plaintiffs' costs. Defendants also pray for all other general and equitable relief to which they are entitled.

Respectfully submitted,

TERRIBERRY, CARROLL & YANCEY, L.L.P.

_____
KEVIN J. LAVIE (#14125)
3100 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3100
Telephone: (504) 523-6451
Attorneys for S. K. Shipping, Ltd. and Columbia
Shipmanagement, Ltd.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been duly served upon all counsel of record ☐ BY HAND, ☐ VIA TELEFAX, or ☑ by depositing same in the U.S. MAIL, properly addressed, postage prepaid, this 12 day of May, 2003.

_____
KEVIN J. LAVIE

7